UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AUSTIN C. WHITE,                                                                                Plaintiff,

v.                                             CIVIL ACTION NO. 3:17-CV-P366-DJH

CHRIS B. THURMAN,                                            Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION**

This is a civil rights action brought by a *pro se* pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Austin C. White leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

I.

Plaintiff names his public defender, Chris Thurman, as the sole Defendant in this action. Plaintiff claims that Defendant Thurman has violated his rights to "due process and a fair trial." Plaintiff specifically alleges that Defendant Thurman has refused to move for the suppression of evidence which Plaintiff believes should be suppressed and has "refused to file for any relief on [Plaintiff's] behalf." As relief, Plaintiff asks the Court to remove Defendant Thurman from his criminal case and seeks punitive damages.

II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of

the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Supreme Court has held that public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). Thus, federal courts have consistently held that § 1983 actions against public defenders seeking their removal from criminal proceedings must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Arroyo v. Kaul*, 277 F. App'x 806 (10th Cir. 2008) (affirming the district court's dismissal of an action seeking removal of the public defender from the plaintiff's criminal case because public defenders are not state officers); *Ifill v. Weiler*, No. 14-605-GMS, 2014 U.S. Dist. LEXIS 133996, at *3-4 (D.C. Del. Sept. 23, 2014) (dismissing a § 1983 action where the plaintiff sought removal of his public defender from his criminal case and damages based upon the public defender's alleged ineffective assistance of counsel); *Canales v. Moran*, No. 06-4158 (RMB), 2006 U.S. Dist. LEXIS 67446 (D.N.J. Sept. 20, 2006) (dismissing a § 1983 action seeking removal of a public defender and damages based upon allegations that the public defender violated the plaintiff's rights to due process and a fair trial because the public defender

3

was not a state actor). Thus, this Court likewise concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted because the only Defendant named in this § 1983 action is not a state actor.

Accordingly, the Court will dismiss this action by separate Order.

Date: July 6, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendant
4415.011